U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 4 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JARENE FLETCHER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 4:17-CV-642-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**AND**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jarene Fletcher, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

**I. Factual and Procedural History**

Petitioner, who was 16 years old at the time of the offense, is serving a 40-year sentence on his 1998 state-court conviction as an adult for murder in Tarrant County, Texas, Case No. 0643376D. (SHR03[1] 38, doc. 11-11.) By way of this petition, he

---

[1] "SHR03" refers to the record of petitioner's state habeas proceeding in WR-79,980-03.

challenges the Texas Board of Pardons and Paroles's (the Board) March 21, 2017, denial of parole. (Pet. 2, 6-7, doc. 3.) TDCJ's website reflects that the Board based its denial on the following reason:

> **2D NATURE OF OFFENSE** - The record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety.

TDCJ's Offender Information Details), *available at* http://www.tdcj.texas.gov/OffenderSearch/offenderDetail. Petitioner's next parole review date is scheduled for March 2020. *Id.*

## II. Issues

Petitioner's claims are vague and underdeveloped; thus, they are set forth verbatim:

(1) "[the Board's] initial review on juvenile (petitioner) sentence is questionable . . . after 20 years + time served;

(2) "[the Board's] denial of juvenile reform at the incarceration level on when is enough incarceration needed;

(3) "[the Board's] resentencing factor on its decision to use elements of the status alleged in a certification matter; and

(4) "[the Board's] time frame on releasing a first-time-offense-juvenile-offender parole decision time limit."

(Pet. 6-7, doc. 3.)

Petitioner raised one or more of the claims in a state

2

habeas-corpus application, and the state habeas court entered the following legal conclusions relevant to his claims:

3.  Release to parole is within the sound discretion of the parole board.

4.  Texas prison inmates have no protected liberty interest in release on parole.

5.  Texas law does not create a liberty interest that is protected by due process.

6.  Because there is no liberty interest in obtaining parole, an applicant cannot attack the constitutionality of procedural ways of parole decisions.

7.  "The parole panel has great discretion in the regular parole review process."

8.  [Petitioner] has failed to prove that the Board denied him liberty.

9.  [Petitioner] has failed to prove that the Board's decision regarding his parole is reviewable.

(SHR03 10-11, doc. 11-11 (citations omitted).) In turn, the Texas Court of Criminal Appeals denied petitioner's state application on the habeas court's findings. (Action Taken, doc. 11-10.) Based on the discussion below, the state courts' conclusions are not contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d). Consequently, petitioner is not entitled to federal habeas relief.

### III. Discussion

A habeas-corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to

relief. *Id.* § 2254(a). The United States Supreme Court has recognized that states have no duty to establish a parole system and prisoners have no constitutional right to be released before the expiration of a valid sentence. *See Bd. of Pardons v. Allen,* 482 U.S. 369, 378 n.10 (1987) (providing "statutes or regulations that provide a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); *Greenholtz v. Neb. Penal Inmates,* 442 U.S. 1, 11 (1979) (providing statutes holding out "the *possibility* of parole provides no more than a mere hope that the benefit will be obtained" and do not trigger due process protections). In light of this authority, the Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *See Williams v. Briscoe,* 641 F.2d 274, 277 (5th Cir. 1981), *cert. denied,* 454 U.S. 854 (1981). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *See Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir.), *cert. denied,* 552 U.S. 995 (1997) (stating that "because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds"). Thus, because petitioner has no protectible interest in obtaining parole, his claims

4

regarding the procedures employed by the Board, its policies and guidelines affecting his suitability for parole, the factors considered by the Board to reach its decision, and/or the frequency of parole reviews necessarily fail. *See Portley v. Grossman*, 444 U.S. 1311, 1312-13 (1980); *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Rodriguez*, 110 F.3d at 308 n.13; *Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974). *See also Craft v. Texas Bd. of Pardons and Paroles*, 550 F.2d 1054, 1056 (5th Cir. 1977) (providing "[p]arole Board standards in deciding parole applications are of concern only where arbitrary action results in the denial of a constitutionally protected liberty or property interest. The expectancy of release on parole is not such an interest").

For the reasons discussed herein,

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED November 1†, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

5